[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14673
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00294-MW-CAS

CRYSTAL WADE,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF JUVENILE JUSTICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 27, 2018)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Crystal Wade, proceeding pro se, appeals the district court's order granting the Department of Juvenile Justice's (Department) motion for summary judgment on Wade's disability-discrimination claims under the Rehabilitation Act, 29 U.S.C. § 794, and the Florida Civil Rights Act, Fla. Stat. Ch. 760. On appeal, Wade argues that the district court erred (1) in concluding that she was not a qualified individual under the Rehabilitation Act and (2) in finding that she failed to put forth evidence showing that the Department's legitimate, nondiscriminatory reason for terminating her was pretextual. Because the undisputed evidence establishes that Wade was not a qualified individual under the Rehabilitation Act or the Florida Civil Rights Act, we affirm.

## I.

Wade began serving as a Juvenile Detention Officer at the Leon Regional Detention Center in May 2013. She had recently been promoted and was on probationary status when she was injured during a workplace altercation with an inmate on July 30, 2014. Both the Tallahassee Police Department and the Department investigated the incident. Due to her injuries, Wade filed claims for workers' compensation and leave under the Family and Medical Leave Act. Initially, Wade's physician recommended she be placed on light duty, and the Department accommodated her request. About a month later, Wade's physician placed Wade on full work restrictions, after which she stopped working at the

2

Department.  On September 4, 2014, the Department mailed Wade a letter notifying her of her termination for failure to complete the probationary period. Wade, through counsel, filed a complaint against the Department, asserting both disability-discrimination claims and a workers' compensation retaliation claim.[1]

## II.

We review a district court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party.  *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017).

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *Id.*; Fed. R. Civ. P. 56(a).  Once the movant submits a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial.  *Boyle*, 866 F.3d at 1288.

The Rehabilitation Act prohibits entities receiving federal funds from discriminating against otherwise qualified individuals with disabilities.  *Boyle*, 866 F.3d at 1288; 29 U.S.C. § 794.  Rehabilitation Act claims are analyzed under the same standards used in Americans with Disabilities Act (ADA) cases.  *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).  However, the burden of establishing

---

[1] The district court dismissed without prejudice Wade's state workers' compensation retaliation claim under Fla. Stat. § 440.205, which Wade does not appeal.

3

causation is higher under the Rehabilitation Act, requiring proof that the individual was discriminated against solely by reason of her disability, while the ADA requires a lesser showing of but-for causation. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008). Disability-discrimination claims under the Florida Civil Rights Act, Fla. Stat. § 750.01 et seq., are also analyzed under the same framework used for ADA claims. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005).

To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show that (1) she has a disability, (2) she is otherwise qualified for the position, and (3) she was subjected to unlawful discrimination as a result of her disability. *Boyle*, 866 F.3d at 1288. A person with a disability is "otherwise qualified" if she is able to perform the essential functions of the job in question with or without a reasonable accommodation. *Id.* The plaintiff bears the burden of identifying an accommodation and showing that the accommodation would allow her to perform the essential functions of the job in question. *Id.* at 1289. Although a leave of absence might be a reasonable accommodation in some cases, we have held that a request for an indefinite leave of absence, which may allow an employee to work at some uncertain point in the future, is not a reasonable accommodation. *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003).

4

III.

The district court did not err in granting summary judgment on Wade's disability-discrimination claims because, even viewing the evidence in Wade's favor, she has not shown that she was a "qualified" individual under the Rehabilitation Act.  The record reflects that the Department accommodated Wade's request to be placed on light duty, but that Wade's physician then placed her on full work restrictions indefinitely, and that she had not been taken off full work restrictions as of the filing of her appeal.  The undisputed evidence shows that she could not perform the essential functions of her job; her request for indefinite leave to seek medical treatment was not a reasonable accommodation, *id.*; and she failed to identify any evidence showing that, even if granted extended leave, treatment would have permitted her to return to work.  Accordingly, we affirm the grant of summary judgment to the Department on Wade's disability-discrimination claims under the Rehabilitation Act and Florida Civil Rights Act.[2]

**AFFIRMED.**

---

[2] Because we conclude that Wade failed to present a prima facie case of discrimination under the Rehabilitation Act or Florida Civil Rights Act, we need not reach the question of whether she put forth evidence showing that the Department's legitimate, nondiscriminatory reason for firing her was pretextual.